MANUEL BERRÍOS VARGAS, ETC., Plaintiff and Appellant *v.*
LUZ MARÍA RIVERA, Defendant and Appellee.

No. 9467.   Argued June 11, 1947.—Decided June 27, 1947.

*Faustino R. Aponte* for appellant. *Fernando Fornaris, Jr.* and *Mariano Acosta Velarde* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

The plaintiff, a minor represented by his mother, on July

---

1, 1946, filed a complaint in the Municipal Court of San Juan for collection of money. He alleged that the father of the defendant had died, leaving a will in which he had named the defendant as his only and universal heir and executor and had bequeathed $500 to the plaintiff; and that the defendant has taken possession of all the property of decedent and has refused to pay the plaintiff the said $500. In his prayer he asks for a judgment of $500, with interest from the date of the complaint, and costs.

On July 9, 1946, the defendant moved to dismiss the complaint because it failed to state facts sufficient to constitute a cause of action. On August 23 the municipal court granted the motion to dismiss on the ground that it lacked jurisdiction because of the subject-matter and amount involved. On August 26 the plaintiff filed an extensive motion for reconsideration of the order dismissing the complaint. This was argued on September 5, and overruled on October 21.

On October 30 the plaintiff appealed to the District Court of San Juan. On November 8 the clerk of the district court notified the parties that the record had been filed therein. On November 14 the plaintiff filed a motion in the district court requesting that the motion of the defendant of July 9—which, as already noted, was filed in the municipal court and granted by that court—be discussed in the district court on November 18. The plaintiff forwarded with his motion the five dollar stamp for the calendar fees. Pursuant to this request, on November 15, the date on which in the district court of San Juan cases are set to be heard in December, the hearing on the motion of the plaintiff was fixed for November 25. On November 19 counsel for the plaintiff filed a notice stating he could not appear on November 25 and submitting his case, as to the motion of July 9 to dismiss, on the arguments made in the motion for reconsideration filed in the municipal court on August 26. He asked that the motion to dismiss be overruled and the defendant be given a term within which to answer the complaint.

On November 19 the defendant moved to dismiss the appeal of the plaintiff to the district court because of failure to comply with Act No. 31, Laws of P. R., 1934 (p. 292), and asked for a hearing thereof on November 25. The plaintiff on November 21 filed an opposition to the motion to dismiss the appeal, in which he contended that the most appropriate method to dispose of the case was as he had suggested, since if the district court agreed with the municipal court that the latter lacked jurisdiction, the case would be definitely terminated without the necessity of a subsequent hearing; that he had acted with greater diligence than if he had asked that the case be included in the calendar that was called on November 15, as in that event the case would not be set before December; and that his action constituted substantial compliance with Act No. 31.

On November 25 the district court heard the motion of the defendant to dismiss the appeal. The court held that the request of the plaintiff to set the motion to dismiss, filed in the municipal court, for hearing in the district court was irregular and improper, and did not constitute substantial compliance with the requirement found in Act No. 31 that "The appellant shall request the inclusion of said action in the calendar of civil actions in the first reading that may be held subsequent to the filing of the case." Accordingly, the court granted the motion to dismiss the appeal in view of the provision in Act No. 31 that "If the appellant fails to request the inclusion of the case in the calendar, the district judge shall dismiss the appeal . . ." The plaintiff has appealed from the judgment dismissing his appeal to the district court.

We agree with the plaintiff-appellant that his action in moving, prior to November 15, for a hearing on the motion to dismiss, plus payment of the calendar fees, constituted substantial compliance with Act No. 31 within the meaning of that statute as interpreted in *Alvarez* v. *District Court*, 57

P.R.R. 630. In the *Alvarez* case we held that a motion filed before the date of the calendar call praying for a setting prior to the date which would have been fixed as the trial date if the case had been included in the calendar call, plus payment of the calendar fees, constituted substantial compliance with Act No. 31.

We do not agree with the defendant-appellee that the *Alvarez* case is distinguishable because in the latter the motion prayed for a hearing of the case as such, whereas the plaintiff here prayed only for a hearing on the motion of the defendant to dismiss the complaint. Since the municipal court granted the motion to dismiss the complaint, there was no answer in the record. The plaintiff therefore thought it advisable to dispose of the jurisdictional question before the case was fixed for hearing on the merits. If the district court agree with the municipal court, no further action by way of answer and a hearing on the merits would be required. If the district court reversed the ruling of the municipal court and therefore found it necessary to proceed to a determination of the case on the merits, an answer would have to be filed, which might require delay in the hearing of the case. Cf. *Herrero* v. *Aboy, Vidal & Co., Inc.*, 42 P.R.R. 328.

We recognize that the course of action the plaintiff took was not absolutely necessary. A motion to dismiss need not be disposed of before a request is made to set the case for hearing since Act No. 31 provides that such a motion may, among other things, be considered at the hearing. *Rodríguez* v. *Banco Popular*, 57 P.R.R. 920, 922. Nevertheless, the action of the plaintiff was not implausible. Indeed, it was, if anything more in the interest of the defendant than the plaintiff under the circumstances of this case that the motion to dismiss be disposed of before requiring the defendant to answer. Neither the defendant nor the court was, of course, bound to follow the procedure requested by the plaintiff. Either could have taken the position that the case should

504

be set on the regular calendar despite the motion of the plaintiff. But in the absence of objection thereto by the court or the defendant, we are unable to conclude that the action of the plaintiff did not constitute substantial compliance with Act No. 31.

Nor do we find it decisive that the plaintiff requested the district court to hear the motion to dismiss which was originally filed in the municipal court. This was the first issue which inevitably confronted the district court. Indeed, if the parties did not raise this jurisdictional question, it was the duty of the court to examine it *sua sponte*. The plaintiff could therefore properly call the attention of the district court thereto and request a preliminary ruling thereon.

We held in the *Rodríguez* case that a request to set a hearing on a motion to dismiss, made *after* the date of the calendar call, does not constitute substantial compliance with the statute in question. But we indicated at p. 922 that where as here such a request is made prior to the calendar call date the position of the appellant "might perhaps have some merit". We hold here that such a contention is meritorious and that such action by the appellant is substantial compliance with Act No. 31. See *Sallaberry* v. *Mundo*, 58 P.R.R. 404.

The judgment of the district court will be reversed and the case remanded for further proceedings not inconsistent with this opinion.